# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE P. STONE,<br><br>                               Plaintiff,<br>v.<br>SAN DIEGO COUNTY SHERIFF, et al.,<br>                              Defendants. | Case No.: 25-cv-00630-RBM-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>**(3) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**[Doc. 2]** |

On March 18, 2025, *pro se* Plaintiff George P. Stone ("Plaintiff") filed a Complaint for a Civil Case ("Complaint") against San Diego County Sheriff ("Sheriff's Department"), Jaime Montano of "On the Mark Smog," and Discount Gun Mart (together, "Defendants"). (Doc. 1.) The same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). (Doc. 2.) For the reasons below, the Court **DENIES** Plaintiff's IFP Motion and **DISMISSES** his Complaint **without leave to amend**.

## I.     BACKGROUND[1]

The Complaint arises out of the Sheriff's Department's: (1) conspiracy with a smog check station to prevent Plaintiff's vehicle from passing a smog inspection; (2) conspiracy with a gun store to prevent Plaintiff from purchasing a firearm; and (3) harassment and surveillance of Plaintiff through his cell phone. (Doc. 1 at 5–6.) Plaintiff alleges that the Sheriff's Department has: made 1,400 harassing and intimidating phone calls to him over a 12-month period (Doc. 3 at 1); appeared at his residence "in plainclothes with ridiculous request[s] such as . . . asking for money for a funeral, Jehova witness, cable person[] (*id.*);" thrown garbage in the bed of Plaintiff's truck multiple times (*id.*); and maintained "unfettered access to [his cell phone] over a 3+ year period . . . to know 24/7 [his] daily patterns, appointments, societal obligations [and] plans (*id.* at 2)." Additionally, Plaintiff alleges that the Sheriff's Department conspired with a smog station "by electronic means to [deliberately] fail" Plaintiff's vehicle's smog test. (*Id.* at 1; Doc. 1 at 5.) Lastly, Plaintiff alleges that the Sheriff's Department conspired with a gun store to deprive Plaintiff of his Second Amendment right to purchase a firearm. (Doc. 1 at 6; Doc. 3 at 2.)

---

[1] The factual summary in this section reflects Plaintiff's allegations, not conclusions of fact or law by this Court. Additionally, the Court incorporates by reference Plaintiff's Notice of List of Incidents (Doc. 3) and Notice of Miscellaneous Documents (Doc. 4) because Plaintiff "refers extensively" to those documents or those documents "form[] the basis of [Plaintiff's] claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The allegations in Plaintiff's Complaint are sparse; each cause of action is discussed in no more than a paragraph. (*See* Doc. 1 at 5–6.) But the crux of the Complaint is that Defendants conspired to: (1) prevent Plaintiff's vehicle from passing a smog inspection; (2) engage in "a reign of terror upon [Plaintiff's] freedoms" by calling him 10–20 times or more daily and monitoring him through his cell phone; and (3) delay Plaintiff's purchase of a firearm. (*Id.*) Both the Notice of List of Incidents and the Notice of Miscellaneous Documents provide further allegations and detail to the claims brought in the Complaint. Therefore, the Court treats these two documents "as part of the complaint, and thus may assume that [their] contents are true for purposes" of this Order. *See Ritchie*, 342 F.3d 903, 908 (citation omitted).

## II.  LEGAL STANDARD

The IFP Motion presents two issues.  First, the Court must determine whether Plaintiff has shown an inability to pay the $405[2] civil filing fee required by this Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  To that end, Plaintiff must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security."  Civ. L.R. 3.2(a).  Second, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to evaluate whether Plaintiff's Complaint sufficiently states a claim upon which relief may be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  The Court addresses each issue in turn.

## III.  DISCUSSION

### A.  Plaintiff's IFP Application

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (noting that an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted).  No formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."  *Escobedo*, 787 F.3d at 1235.  Consequently, courts must evaluate IFP requests on a case-by-case basis.  *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income").

---

[2] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $55.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1   Here, Plaintiff has declared that he has been on a leave of absence from his job since
2   November 2024 and is unable to work. (Doc. 2 at 2.) He also declares, though, that his
3   average monthly income during the past year is "$8.000 [sic]" and his expected income for
4   next month is "12.0000 [sic]." (*Id.* at 1.) Later in the IFP Motion, he declares that his total
5   monthly income between retirement and Cal Fresh is $12,300. (*Id.* at 4.) He lists as
6   monthly expenses: $950 for rent; $140 for utilities; $75 for home maintenance; $350 for
7   food; $100 for clothing; $50 for laundry; $150 for transportation; and $125 in insurance,
8   for a monthly total of $1,940. (*Id.* at 5.) He represents that he has at least $2,050 in bank
9   accounts, a trailer worth $5,000, and a Honda Accord worth $4,300. (*Id.* at 3–4.)

It is possible Plaintiff has incorrectly filled out some boxes in the IFP Motion, or that he included monthly dollar amounts where he did not mean to. But the IFP Motion as it stands indicates that Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's IFP Motion is **DENIED**. This denial would be without prejudice for Plaintiff to file an amended IFP Motion but for the Complaint's failure to survive screening under 28 U.S.C. § 1915(e), as discussed below.

**B.  Screening Under 28 U.S.C. § 1915(e)**

As discussed above, every complaint filed IFP under 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

   **1.  Frivolity**

"The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining

whether to dismiss a complaint as frivolous, the Court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* (citation omitted). A complaint "may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Here, the Complaint revolves around the Sheriff's Department's surveillance and harassment of Plaintiff and conspiracies between Defendants to prevent Plaintiff from purchasing a firearm or passing his vehicle's smog inspection. (Doc. 1 at 5–6.) These allegations are frivolous. First, Plaintiff's own exhibit contradicts his allegations regarding the conspiracy to prevent his vehicle from passing a smog check. (*See* Doc. 4 at 9 ("Your vehicle failed the Smog Check inspection due to the fact that the vehicle's on-board computer system has not completed the emission system's self-checks.")); *accord Grimes v. Oceanside City Mun.*, Case No.: 3:23-cv-02076-RBM-MSB, 2024 WL 4394783, at *2 (S.D. Cal. Oct. 2, 2024) (finding allegations that the plaintiff's automobile was wrongfully towed frivolous when the plaintiff "attache[d] a citation showing that [the plaintiff's] automobile registration was expired and that it had no license plate"). Second, Plaintiff's claims about the "reign of terror" inflicted upon him by the Sheriff's Department appear fantastical and delusional. *Denton*, 504 U.S. at 32. Plaintiff alleges that each person who knocks on his door is a Sheriff's deputy in disguise, and that the Sheriff's Department has thrown trash in the bed of his truck, called him 1,400 times in a year, and maintained "un-

fettered access to [his cell phone] over a 3+ year period . . . to know 24/7 [his] daily patterns, appointments, societal obligations [and] plans." (Doc. 1 at 5–6; Doc. 3 at 1–2.)

"No matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Meyer v. World Bank*, No. 3:19-cv-00017-GPC (JLB, 2019 WL 2009873, at *3 (S.D. Cal. May 7, 2019) (citation omitted); *Adams v. FBI*, No. C 06-07321 CRB, 2007 WL 627912, at *2 (N.D. Cal. Feb. 26, 2007) (dismissing allegations as frivolous where they described a "delusional portrait of extreme persecution" where the plaintiff alleged that she was monitored through hidden cameras in her home). Additionally, because Plaintiff's allegations "are fanciful and delusional, . . . 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Sandoval v. Castillo*, No. 08cv1622-WQH-NLS, 2008 WL 4790521, at *1 (S.D. Cal. Nov. 3, 2008) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)). Based on the foregoing, the Court **DISMISSES** Plaintiff's Complaint **without leave to amend**.

### 2. Failure to State a Claim—Federal Rule of Civil Procedure 12(b)(6)

"'Frivolousness' under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts." *Austin v. Chesney*, Case No. 22-cv-02506-LB, 2022 WL 3205201, at *2 (N.D. Cal. May 2, 2022). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although the Court must construe *pro se* pleadings liberally and "afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

Even if Plaintiff's allegations were not fanciful and delusional, they would fail as insufficient to state a plausible claim for relief.  Plaintiff's conclusory claims of conspiracy between Defendants are unsupported by specific factual allegations.  At most, Plaintiff alleges that the Sheriff's Department communicated with the smog station and gun store "by electronic means." (Doc. 3 at 1.)  Therefore, the Court finds that Plaintiff has failed to state any claims, and Plaintiff's Complaint must be **DISMISSED**.

### 3. Immunity

To the extent that Plaintiff intends to pursue a claim against the Sheriff's Department under 42 U.S.C. § 1983 (*see* Doc. 1 at 6 (alleging that the Sheriff's Department used "their authority [*illegible*] color of law to conspire. . .")), such a claim also fails because "§ 1983 does not employ a theory of respondeat superior liability; a municipal entity cannot he held liable for the actions of its agents or employees alone." *Wainscott v. Cnty. of San Diego*, Case No. 3:20-cv-1359-GPC-WVG, 2020 WL 5747389, at *3 (S.D. Cal. Sept. 25, 2020) (citation omitted). "[T]o demonstrate liability [against a municipal entity], § 1983 compels a Plaintiff to allege some municipal policy or custom [effected] the alleged civil rights violation as opposed to the individual actions of those employed by the entity." *Id.* Because Plaintiff does not include any allegations regarding the policies or customs of the Sheriff's Department, the Sheriff's Department is immune from § 1983 liability.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **DENIED** and Plaintiff's Complaint is **DISMISSED without leave to amend**. *See Meyer*, 2019 WL 2009873, at *3. The Clerk of the Court is **ORDERED** to close the case.

**IT IS SO ORDERED.**

DATE:  December 10, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE